IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BOBBY JAMES NIXON, JR., #423395 | § | |
| VS. | § | CIVIL ACTION NO. 9:07cv183 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Bobby James Nixon, Jr., an inmate previously confined at the Polunsky Unit of the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The Petitioner is in the custody of the Texas prison system pursuant to five 1986 Dallas County convictions. One conviction was for aggravated sexual assault with a deadly weapon and the remaining four convictions were for aggravated robbery with a deadly weapon. The Director conceded that he is eligible for release on mandatory supervision.

The present petition does not, however, concern the Petitioner's convictions; instead, it concerns a prison disciplinary case for being out of place, Case No. 20070143825. The Disciplinary Report and Hearing Record states that the offense occurred at 3:47 p.m. on January 19, 2007. The offense was described as follows:

> On the date and time listed above, and at A Side Hallway, Offender: Nixon, Bobby James, Jr., TDCJ-ID No. 00423395, was on A Side Hallway when in fact said offender had no authorization to be in such place.

The charging officer was J. Helm. The Petitioner received formal notification of the charges at 11 a.m. on February 5, 2007. The disciplinary hearing was conducted on February 12, 2007. The

Petitioner was found guilty based on the charging officer's report and testimony. It is noted that the Petitioner alleged that he had a lay-in to be on A Side. The punishment imposed consisted of the loss of commissary privileges for thirty days, cell restrictions for thirty days and the loss of thirty days good time. The Disciplinary Report and Hearing Record also indicated that the Petitioner refused to sign the acknowledgment for receiving a copy of the report.

The records submitted by the Director included the Offense Report prepared by Officer Helm. He explained the offense as follows:

> While working Center Hall Desk, I Officer Helm opened the A Side gate of the sallyport, to let three offenders that had come from A Side in. I asked for all of their ID cards and I compared them to the unit roster we keep up at the desk. While doing this I noticed that Offender Nixon is assigned to 8J-061. Nixon got to A Side from B Side by going through the sallyport when A Side education was going from 10 building back to A Side. Offender Nixon tried to sneak back to B Side when we started feeding A Side chow.

The records indicate that the Petitioner asked for the Mailroom Supervisor as a witness. Ms. Olvany thus provided a witness statement indicating that the Petitioner had a lay-in, but he never showed up.

The Petitioner filed a Step 1 grievance on February 13, 2007. The grievance was denied with the explanation that no errors were found. His Step 2 grievance was denied on April 13, 2007.

The present petition was filed on August 1, 2007. The Petitioner presented the following grounds for relief:

1. Due process rights/procedural rights violated.

2. Insufficient evidence for a finding of guilty based on the preponderance of the credible evidence presented at the hearing.

3. Penalty imposed to severe racial engaging and conspiracy to penalize Petitioner for filing of numerous grievances complaints.

The Director filed an answer on October 16, 2007. The Petitioner did not file a response.

Discussion and Analysis

As a preliminary matter, the Director correctly argued that the Petitioner did not exhaust his administrative remedies with respect to all of his claims. He broke down the Petitioner's claims into several claims as follows:

1. Petitioner was denied a 24 hour notice of the charges.

2. Petitioner was denied the right to call and question a witness.

3. There was insufficient evidence to support a finding of guilt.

4. The DHO was biased.

5. Petitioner received ineffective assistance of counsel substitute.

6. The disciplinary case was not properly investigated.

7. Petitioner's punishment was too severe and imposed due to racial discrimination and conspiracy.

The Director asserted that claims 3, 4, 5 and 6 were exhausted. On the other hand, the Petitioner failed to exhaust claims 1, 2 and 7. More specifically, the Petitioner mentioned claim number 1 in his Step 1 grievance but did not address it in Step 2. He presented claim number 2 in his Step 2 grievance but did not mention it in his Step 1 grievance. Claim number 7 was not presented in either step.

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). Thus the petitioner is not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning a disciplinary case. However, he is required to exhaust the prison grievance procedures before proceeding to federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir.

1978), *cert. denied*, 448 U.S. 848 (1979). Any claim that is not exhausted is procedurally defaulted unless the petitioner shows cause and prejudice for such failure or a fundamental miscarriage of justice. *Moffatt v. Director, TDCJ-CID*, 390 F.Supp.2d 560 (E.D. Tex. 2005).

    The Director has shown that the Petitioner did not exhaust claims number 1, 2 and 7. The Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice in order to have the claims reviewed, thus the claims are procedurally defaulted. The claims that are properly before the Court are claims 3, 4, 5, and 6, as described by the Director.

    The substance of claims 3, 4, 5 and 6 will be analyzed in accordance with established case law. The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

    The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of

30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, to the extent the Petitioner's punishment consisted of the loss of commissary privileges and cell restrictions, his punishment did not involve a protected liberty interest and was not serious enough to trigger the protection of the Constitution. On the other hand, he also lost good time and is eligible for release on mandatory supervision, thus he is entitled to have his case evaluated in light of *Wolff v. McDonnell*. The Petitioner has not, however, shown a violation of his rights as established in *Wolff v. McDonnell*.

It is noted that the Petitioner had two unexhausted claims that concern rights established in *Wolff v. McDonnell*. He asserted that he did not receive twenty-four hours notice, but the record shows that he received notice of the charges on February 5, 2007, and that the hearing was conducted on February 12, 2007. He thus had sufficient notice. He also complained that he was denied a witness, mailroom clerk Ms. Strickland. The record shows that prior to the hearing he asked for only Ms. Olvany, who provided a statement that was presented at the hearing. Ms. Strickland was never requested. At the hearing, he asked for Officer Reese, whom he contends escorted him to the mailroom. The hearing was thus stopped in order to allow a presentation by

Officer Reese. The record thus shows that the Petitioner had all of the witnesses he requested. The claim that he was denied a witness lacks merit.

Of the exhausted claims as outlined by the Director, claim number three was insufficient evidence. Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Officer Helm, the charging officer, provided evidence that the Plaintiff was discovered on A Side when he belonged on B Side. Officer Helm's Offense Report and testimony provided at least some facts or a modicum of evidence to uphold the finding by the disciplinary hearing officer. The Petitioner may believe that the findings were wrong, but his disagreement with the fact-finder's resolution of conflicts in the evidence does not provide a basis for federal habeas corpus relief. *See Superintendent v. Hill*, 472 U.S. at 445. The insufficient evidence claim lacks merit.

The Petitioner next alleged that the disciplinary hearing officer was biased against him. "*Wolff* undoubtedly extends to inmates the right to a fair tribunal, but the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (citing *Wolff*, 418 U.S. at 561-62). The requirement of impartiality in the context of prison disciplinary hearings requires only that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness. *Wolff*, 418 U.S. at 572 n.20; *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990). In the present case, there is no evidence that the disciplinary hearing officer was impartial as that concept was defined by the Supreme Court. The ground for relief lacks merit.

6

The Petitioner also alleged that his counsel substitute was ineffective. Inmates do not have a right to either retained or appointed counsel in disciplinary hearings. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff*, 418 U.S. at 570). Consequently, the Petitioner may not complain about the inadequacy of counsel due to the absence of a right to counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). *See Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). The ineffective assistance of counsel substitute claim does not provide a basis for federal habeas corpus relief.

The final ground for relief that was properly exhausted is the claim that the disciplinary case was not properly investigated. First of all, an alleged failure of prison officials to conduct a proper investigation does not provide a basis for federal habeas corpus relief. Moreover, the Petitioner has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). The Petitioner has not shown that he is entitled to relief based on this claim.

In conclusion, the Petitioner has not shown that he is entitled to relief, thus the petition should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, the Court will, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Petitioner is not entitled to a certificate of appealability as to his claims. It is accordingly

**ORDERED** that the above-styled petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **December, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE